Case 3:25-cv-00189   Document 20   Filed 01/23/26 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| H.B.,[1] | § | |
|    Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 3:25-cv-00189 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
|    Defendant. | § § | |

## **OPINION AND ORDER**

Plaintiff H.B. seeks judicial review of an administrative decision denying her application for supplemental security income under Title XVI of the Social Security Act (the "Act"). H.B. and Defendant Frank J. Bisignano, the Commissioner of the Social Security Administration (the "Commissioner"), have briefed their positions. *See* Dkts. 14, 18, 19. After reviewing the briefing, the record, and the applicable law, I affirm the Commissioner's decision.

## BACKGROUND

On January 28, 2022, H.B. filed a Title XVI application for supplemental security income. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing. Following the hearing, the ALJ issued a written decision finding that H.B. was not disabled. H.B. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions. This court has taken that guidance a step further in the interest of claimant's privacy and will use only initials in public opinions.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that H.B. "has not engaged in substantial gainful activity since January 28, 2022, the application date." Dkt. 13-1 at 22.

The ALJ found at Step 2 that, H.B. "has the following severe impairments: anxiety, depression, post-traumatic stress disorder, epilepsy, right hip osteoarthritis, asthma, and chronic obstructive pulmonary disease." *Id.*

The ALJ found at Step 3 that H.B. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 23.

Prior to consideration of Step 4, the ALJ determined H.B.'s RFC as follows:

> [H.B.] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she cannot climb ladders, ropes, or scaffolds. She can occasionally climb stairs and ramps, stoop, kneel, crouch, crawl, and balance. She cannot work around dangerous moving machinery or unprotected heights. She cannot work around open flames or large bodies of water and she cannot perform commercial driving. She cannot work on uneven terrain. She can occasionally work around pulmonary irritants, such as fumes, dusts, gases odors. She can use household cleaners. She can occasionally work in extreme heat, cold, humidity or wetness. ***She can understand, remember and apply information in order to carry out simple instructions and perform simple tasks.*** She can concentrate, keep pace, and persist for 2- hour periods with customary breaks during an 8-hour workday. She cannot perform work requiring specific production rate (such as assembly line work)

3

but can have an end of the day quota. She can occasionally interact with supervisors, coworkers, and the general public. She can respond appropriately to changes in the work setting. She can accept instructions and make decisions in a work setting.

*Id.* at 25–26 (emphasis added).

At Step 4, the ALJ found that H.B. "has no past relevant work." *Id.* at 30.

At Step 5, however, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [H.B.] can perform." *Id.*

Accordingly, the ALJ found that H.B. "has not been under a disability, as defined in the Social Security Act, since January 28, 2022." *Id.* at 39.

## DISCUSSION

This appeal presents only one issue for my consideration: whether the ALJ's RFC limiting H.B. to simple instructions and simple tasks is inconsistent with level two reasoning such that the ALJ's Step 5 determination is unsupported by substantial evidence. I find, as all my sister courts have found, that there is no inconsistency between level two reasoning and an RFC limitation to simple instructions and simple tasks.

As noted above, the ALJ determined that H.B. "can understand, remember and apply information in order to carry out ***simple instructions*** and perform ***simple tasks***." *Id.* at 26 (emphasis added). At Step 5, relying on testimony from a vocational expert, the ALJ found that H.B. could perform the jobs of store marker, routing clerk, office helper, mail clerk, and order caller. *See id.* at 31. In the Dictionary of Occupational Titles ("DOT"), four of these five jobs require a reasoning level of two.[2] Level two reasoning requires a worker to "[a]pply common sense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or

---

[2] The mail clerk job requires level three reasoning. A reasoning level of three requires a worker to "[d]eal with problems involving several concrete variables in or from standardized situations." 2 U.S. Dep't of Labor, Dictionary of Occupational Titles, at 1011 (4th ed. 1991). The Commissioner does not dispute that level three reasoning is inconsistent with a limitation to simple instructions and simple tasks.

4

from standardized situations." 2 U.S. Dep't of Labor, Dictionary of Occupational Titles 1011 (4th ed. 1991). The sole issue in this appeal is whether the ALJ's RFC limitation to simple instructions and simple tasks is inconsistent with a job that requires a worker to carry out detailed but uninvolved instructions.

I have previously found a conflict between a level *three* reasoning and a limitation to "only simple instructions, and only for two hours at a time." *Johnson v. Comm'r of Soc. Sec.*, No. 3:21-cv-00361, 2024 WL 4532954, at *3 (S.D. Tex. Oct. 9, 2024). I have also found a conflict between Level 2 reasoning and a limitation to "simple instructions *of no more than three steps*." *Tyler C. v. Comm'r of Soc. Sec.*, No. 4:24-cv-00879, 2024 WL 4584600, at *4 (S.D. Tex. Oct. 25, 2024) (emphasis added). This case is the first time that I have considered whether there is a conflict between level two reasoning (which requires the ability to apply common sense understanding to carry out detailed but uninvolved written or oral instructions) and simple instructions, with no further limitations. But every court to have considered that question has said that there is no conflict.[3] Importantly, H.B. has

---

[3] *See e.g.*, *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) ("There is not an apparent conflict here between Buckwalter's RFC, which limits her to the ability to 'understand, carry-out, and remember simple instructions,' and the identified positions with a reasoning level of two."); *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (finding "no conflict between 'simple' and 'uninvolved' instructions, as both connote instructions that are not complicated or intricate" (quotation omitted)); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) ("There is no direct conflict between 'carrying out simple job instructions' . . . [and] occupations involving instructions that, while potentially detailed, are not complicated or intricate."); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding level two reasoning "consistent" with an RFC that limits the claimant to "simple and routine work tasks"); *Money v. Barnhart*, 91 F. App'x. 210, 215 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that her work be simple, routine and repetitive."); *Burnham v. Saul*, No. CV H-19-1564, 2020 WL 3259619, at *7 (S.D. Tex. Apr. 14, 2020) ("[A] reasoning level of two is generally found to be consistent with a claimant's ability to understand simple instructions and perform simple tasks."); *Swindle v. Colvin*, No. CV H-12-0323, 2013 WL 12106130, at *6 (S.D. Tex. Sept. 23, 2013) (collecting cases and observing that "[a] reasoning level of two has repeatedly been found to be consistent with the reasoning ability to understanding simple instructions and perform simple tasks").

pointed me to zero contrary holdings from any court. The four cases that H.B. relies upon are distinguishable from the case at bar.

Two of the cases that H.B. discusses in her opening brief concern the conflict between level *three* reasoning and a limitation to simple instructions or simple tasks. *See Fields v. Comm'r of Soc. Sec.*, No. 1:21-cv-133, 2022 WL 1599437, at *3 (N.D. Miss. May 20, 2022) ("The document preparer job explicitly requires a reasoning level of three although the ALJ limited the Plaintiff to 'simple' work-related decisions."); *Martin v. Saul*, 2020 WL 4382133, at *4 (W.D. Tex. July 30, 2020) ("[A]ll of the jobs identified in response by the vocational expert as being available to Martin are classified in the DOT as requiring a level 3 reasoning ability."). The Commissioner does not dispute that there is a conflict between level *three* reasoning and the ALJ's RFC limiting H.B. to simple instructions and tasks. The issue in this appeal is whether there is a conflict between level *two* reasoning and the restriction to simple instructions and tasks.

The other case that H.B. discusses in her opening brief concerns the conflict between level two reasoning and *short*, simple instructions. *David M. v. Kijakazi*, No. 3:22-cv-02166, 2023 WL 8007388, at *5 (N.D. Tex. Oct. 11, 2023) ("[T]he ALJ here limited Plaintiff not just to simple instructions but to 'short, simple instructions.'" (cleaned up)). The ALJ here did not limit H.B. to *short*, simple instructions. The ALJ here limited H.B. to only simple instructions. Accordingly, *David M.* is inapposite.

Perhaps recognizing the inapplicability of these cases, H.B. offered a new case in her reply brief: *Ambriz v. Kijakazi*, No. 5-20-cv-00727, 2022 WL 855987, at *8 (W.D. Tex. Mar. 23, 2022). As in this case, the ALJ limited Ambriz to "simple job instructions and work related tasks," but found that Ambriz could perform jobs that required level two reasoning. *Id.* at *2. But *Ambriz* was not remanded because the court found a conflict between level two reasoning and the limitation to simple instructions and simple tasks. Rather, the court ordered remand in *Ambriz* because, unlike here, Ambriz's counsel raised the potential for a conflict at the

hearing and again in written objections to the ALJ. The basis for remand was the ALJ's failure to address these objections and fully develop the record. *See id.* at *9. The ALJ even acknowledged that "the vocational expert might have been able to adequately explain why the jobs [that required level two reasoning] were perfectly suitable for Ambriz notwithstanding his limitations." *Id.* Accordingly, *Ambriz* is also inapposite.[4]

Because there is no conflict between level two reasoning and the ALJ's RFC limitation to simple instructions and simple tasks, the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the reasons discussed above, I affirm the Commissioner's decision. A final judgment will issue separately.

SIGNED this 23rd day of January 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] Even if *Ambriz* were applicable, it is but one decision in a vast sea of decisions finding no conflict between level two reasoning and the limitation to simple instructions and simple tasks.